Good morning, Your Honors. May it please the Court. My name is Thomas Peterson, and I'll be speaking on behalf of the appellants this morning. This case is an appeal from an order denying preliminary approval of a partial class action settlement. It was that that denial occurred after objections were filed on behalf of a non-settling party who, at the time of their objections, had actually had summary judgment granted in their favor. The Court denied preliminary approval. The Court has asked us to address, at the early stages of the briefing of this case, to address the threshold question of jurisdiction. So I think I should start and do that for just a moment, unless the Court directs me to a different place. The first foundation for this Court the jurisdiction in this case, the appellate jurisdiction we contend, is based on 1292a1, the grant or denial of an injunction. The first foundation for jurisdiction in this case is this Court's decision in Smith v. Arthur Anderson, which I think establishes two things relevant. The first thing it establishes is that a bar order is, in fact, an injunctive order. And here we have a settlement which was effectively denied by the district court that contained a bar order. The second thing Smith establishes is that it is not essential on an appeal to challenge the bar order. In other words, you can predicate the jurisdiction on the denial of the injunction, but you can challenge other things. That's what happened in the Smith case. And this case, though, is different because the bar order is very much at the centerpiece of what we challenge, and it was described by the district court as a critical part of why it disapproved preliminary approval. Jurisdiction the second foundation for it is the three Carson factors. The first one is whether we're dealing with something which, as a practical matter, is an injunction. I don't think there's much question that a bar order qualifies. The third is whether an opportunity for appeal is meaningful at a later time. If you lose the settlement, there's no way to salvage that issue. And I jumped around from the second one because I want to mention it because I think it's also the one that addresses the concern that's been expressed by the other side in this case, that somehow the floodgates of appellate jurisdiction will open if you allow us to be heard in this case. This is the irreparable harm requirement. And I think there what the courts have done in order to control jurisdiction is to construct a test which has been articulated in two ways very effective. One by this Court in EEOC v. Pan Am, where the court says, is the practical effect of the decision to order the parties to trial, or can this be fixed, this settlement that was disapproved? And the second version is Judge Posner's version in the Donovan case in the Seventh Circuit where he says, was this a preliminary or a final decision? And this gives me a good segue to the merits, I think, because I think those merits show that this was not a settlement that anyone could tweak or change, and that the district judge's reasons for disapproving it reflect error, clear error, and thus justify a reversal even under an abusive discretion standard. The first the first problem I wouldn't any denial of a settlement meet all of these standards. I beg your pardon? I wouldn't any denial of a class-action settlement, any order denying class-action settlement, why wouldn't it meet all these standards? You're talking about the appealability standards? Yes. Yes. The reason it wouldn't do that is because I think there's a good contrast if you take, say, the Pan Am case where the court said it did not qualify. In that case, there was a denial of a class-action settlement. And what this court said is that it's not clear that this cannot be fixed. And the analysis the court conducted was it said, look, Judge Peckham, who looked at this order in that case, had made the determination that the assessment of liability was all correct, that the relief, the injunctive relief, was perfectly acceptable, but had done an elaborate analysis of the problems with what he thought the amount of the settlement. Now, if you contrast our case, if you look at the problems that Judge Haddon with it, Haddon had with it, they were problems that are insurmountable from our point of view. For example, one of his objections was that we did not bring him a global settlement of all parties. That's not a factor that's been articulated. Did you hear my question? I beg your pardon? Did you hear my question? Yes, Your Honor. I was trying to answer it by contrasting it to the Pan Am case and the fact that I have no idea how you're going to answer it. Why don't you just answer my question? Why would this not cause all appeals to be to be why all approval denials to be appealable is how I understood it. I don't know if any approval denials. What's an approval denial? I'm sorry. It's just a denial of settlement approval. Why wouldn't any order denying class section settlement be equally appealable under your analysis? Because the court has to conduct the Factor II Carson analysis, which is the test of irreparable injury. Well, of course, I understand that. Why wouldn't, by your analysis, come out exactly the same way in every case where the district court applies a denies? Because there I think there will be situations such as there have been in prior cases where the courts the court of appeals has been convinced that there is an opportunity for the parties to go back and address and resolve the problems that were identified by the district judge. And hence, it falls in the category of what is essentially a preliminary type of a denial, not one which forces the parties to go to trial effectively, which I think is what this one does if you look at the grounds that the district. I don't understand your question at all. I don't understand your answer at all. Well, Your Honor, what I'm. What would be the situation, give me a case in which your analysis applied to a denial of class action would not result in exactly the same appealability as in this case. You know, I don't speak in generalities. EEOC versus Pan Am, I think, would be a contrasting case, a case from this circuit. That was a consent decree. That was a case where we denied jurisdiction. You did. Okay, give me a case where. Okay, you agree with that case. Yes, I recognize it is the law of the circuit, and I recognize that I have to demonstrate how, based upon the analysis of that case, that you can legitimately make a different result here, and why also that does not create an automatic opportunity for every possible denial to come before the court. And the reason why it does not is because I think what the court has to explore is whether there is a realistic possibility that the parties can go back, despite the district court's objections, and cure the problems that the district court perceived. And I think. Why isn't the case here? You just offer more money, and maybe the district court will change the money. Well, the judge has a sense here, not enough money. So your clients go back and offer more money, and that's. And you might be able to cure the problem. Your Honor, Judge Haddon. And at that point, we'll say, okay, we'll go for it. With respect to his determination about the personal contribution by my clients, as well as with respect to his sense of the money, Judge Haddon made that determination without conducting an assessment of the merit of the, of his views of the culpability of the defendants. I know you're not happy with what he did.  I'm sorry, I didn't mean. But in terms of whether you guys could go fix what he did, and so that's the inquiry. This is what you've made to be the key here. Yes. You guys could go back and fix that. Well, no, we couldn't. We couldn't. Because he didn't give us, he didn't give us any road map. And more importantly, he says in, in, in making his determination. Why, why isn't putting more money on the table exactly the road map that he has provided? You know, our clients go back and they say, we now offer a bunch of money out of our own pockets to make a settlement work. And then you go back to Judge Haddon, and Judge Haddon might say, yeah, you know, that's right, now we've got more money, now I approve it. With respect to the money issue, I don't think you can make the test simply turn on bring more dollars. I think you have to make the test turn on, well, for one thing, Carson tells us that you're not required to give up a genuinely held settlement position. And in this case, with respect to the assessment of merits, at ER 21. You're the one who said the test is whether you can go back and fix the problem. This is what you've made the test, standing there, sort of distinguishing Pan Am, he said this is not that kind of case. And I was pointing out, this is in fact this kind of case. You could go back and offer more money. You could in fact fix the problem, or you might be able to fix the problem by offering more money. Why doesn't that defeat the way you are trying to distinguish a Pan Am? Because what the court has got to do, you've got to be able to assess whether or not the requirement of more money is a byproduct of an analysis of the strengths and weaknesses of the case. And Judge Haddon said at page 21 that he wasn't purporting to analyze the strengths and weaknesses of the case against my clients. That's just your disagreement with the merits of his ruling. The question of whether you can go back and fix the problem is still the same. You can go back and fix the problem by putting more money on the table. If you put more money on the table and that doesn't fix the problem, maybe you'll have a different case, a different appeal, and then we might have jurisdiction. As I read Carson, it's saying that you have to consider whether you have lost the possibility of settling. And I don't think you can say that at this point. Let me just address, I'll come back to the money question if I may, but let me also address some of the other things. He told us we didn't bring him a global deal. We have no control over that. The defendants in this case, Northern Trust, in their objections, they said there were three things that were necessary for an effective settlement in this case, one that they would not object to. Bilateral cooperation clause, we brought that back. And the opportunity to call witnesses themselves pursuant to the cooperation clause, we agreed to do that as part of the modification. And a bar order which had a proportional offset. The district court, we put the issue of offset off and simply said, I can't approve this with a bar order. So what the court did in effect is it said, you can't have a settlement in my court, and he said these are all interrelated factors. You can't have a settlement with a bar order regardless of the offset provision that is going to be attached to it. I don't think there's any way we can go and deal with that, particularly as against the backdrop of Ninth Circuit case law, which says that there is no right of contribution or indemnity in the court. And then coming back again to the money question, I appreciate Judge Kosinski that it's always theoretically possible to bring more money, but at a certain point I think you have to ask yourself, well, how much is enough, and don't we, for purposes of conducting this analysis, have to require the district court to do something more like happened in the Pan Am case, where the judge went through and did an elaborate analysis of his sense of responsibility, as opposed to here where we have a record where the judge says he never went back, went past the pleadings. I assume the answer to that is no. Is that it? Does that make no matter? I'm sorry. I assume the answer to your question is no. No, the district court simply has to say disapproved. You guys go ahead and try again. Well, I assume that that's the correct answer is no. The district judge is not in negotiations with you. It doesn't have to tell you whether it will approve or not. Your job is to propose, and your district judge's job is to dispose. I assume the answer to that is no.  Is that the end of your view? Is that the end of your view? The district judge certainly doesn't have to negotiate with you. I assume that's the answer. Yes. For purposes of this question. I assume that's the answer. Is that the end? Is that it? Well, I think for purposes of analyzing whether there's jurisdiction, I think we're entitled to, in assessing whether or not we are, as a practical matter, out of court, that we're entitled to have the court look at the here, the reasons that were articulated, and if they do not make possible any realistic effort at compliance, then as a practical matter, we are out of court, and we satisfy the second Carson factor, which is, I think, the one by which you regulate your appellate jurisdiction. Because asking yourself, have we effectively been forced to trial? I think the answer is yes, because we can't do these global things. We can't even respond. We responded to the objections, and it wasn't good enough. And while I appreciate there's this theoretical more money issue, we still have this problem, which is the court- What's theoretical about the more money issue when the judge says there's not enough money on the table? I think when- What's theoretical about that? How much clearer does he have to be? I think when the judge says there is not enough money on the table, and in making that determination, I expressly say in the record that I'm relying only on the pleading of the parties, and thus not complying with the Hamlin obligation this Court imposes to weigh the strengths and weaknesses of the party's case, that it presents to the parties essentially an insurmountable obstacle at meeting the Court's concerns. Counsel, if we were to say at this point that we do not have jurisdiction, what happens next? You go back to the district court, and you get a final decision out of them, isn't that right? I'm sorry. We would go back, I think, Your Honor. What the Court had done at the conclusion of the preliminary denial is it didn't suggest further settlement negotiations. It just started setting dates for going forward with the case. So I believe- So if you got a final permanent denial, you can appeal, and you'd be right back. Well, we have a denial of preliminary approval of the settlement, which brings the whole process to an end. The settlement doesn't go any forward because the district judge is then not going to go to the next stage, which is the giving of notice under Rule 23e, and thus the solicitation of views of the affected class members, which we never got to in this case. And also, there is a provision in the settlement agreement for a review of the settlement and its fairness by an independent fiduciary, which is a standard ERISA phenomenon. We never got that far. And you're saying that that cannot take place now? Cannot take place now. That's right. Because I'm saying that the problems that Judge Haddon has perceived, the five different problems that he says are interrelated, which transcend the money, because he says, for example, the bar order itself and the fact that he won't approve that is a critical part of the settlement, those problems, as a practical matter, prevent us from settling the case under anything resembling the current set of constraints. And as I say, they include things that I don't think can be breached, such as the idea that you can't have a bar order regardless of the offset calculation, which is even more than Northern Trust had claimed it needed in its objections. Okay. Thank you. Your time is up. Thank you. Good morning, Your Honors. Chris Tytower on behalf of the Appellee's Northern Trust Company. In the appellees' court, I was going to break my discussion up into two segments, one dealing first with the jurisdictional question, and secondly, I was going to address the key issue on the merits here, which is that the appellants are effectively seeking to change the standard for approval of settlements and strip the district court of the broad discretion that it is clearly afforded under the rules and require instead to be a rubber stamp. With regard to the jurisdictional question, which is the first question here today, the court, I think, has it right in terms of the issue is how broadly we're going to be interpreting Section 1292. And as the point the court has pointed out, the Carson court, the Supreme Court in Carson, has clearly indicated that the Supreme Court wants Section 1292 to be interpreted very narrowly because it is an exception to the final judgment rule. Counsel, what's your response to opposing counsel's emphasis on the bar order as being the equivalent of an injunction, thereby bestowing jurisdiction? Well, I think what Carson and other cases say is that the – whatever is going to be considered the injunction for purposes of 1292 has to be the core issue or the core item that's being discussed. You know, virtually all the circuits, and we cited a number of them in our – in our brief – Where does Carson say that it has to be the core item? Well, I think the point in Carson is that it was the core issue. And all the cases that have interpreted Carson have read Carson that way. So, for example, in Carson, the issue was an injunction to prevent racial discrimination from going forward, and the court refused to enforce that injunction. That went up on appeal. And so the core issue was whether there would be an order to prevent racial discrimination going forward, and that was the core issue. And the court in that case made it very clear it would never approve an injunction that prevented racial discrimination. And the Supreme Court says, wait a minute, that's a core issue. It's a matter of huge social policy. We're going to take this right now. This is too important not to take it. So you said the cases that have interpreted it. What case in the Ninth Circuit ascribes to the view that the injunction has to be the core issue in the case? You know, I think the Ninth Circuit has not directly addressed it, although the EEOC v. In that case, the court denied the case and did not take jurisdiction, and it used the word secondary injunctive relief. So the impellents in that case were arguing that the injunction that triggered the jurisdiction was what the court called, quote, secondary injunctive relief. And that's on page 317 of the decision. So that case, I think, hints at it. Now, the court has also raised the fact that... In that case, the difference was that the injunctive relief was granted to EEOC and not being requested by Pan Am. I think that's referring to a different injunctive relief. There was two different types of injunctive relief. One is the impellees, and I think that you're referring to that injunctive relief. But if you read on in the decision, it goes on to call, refer to the appellants were also trying to latch on to, quote, injunctive relief. Okay, on page 317, I'm looking at page 317 where it's talking about the secondary injunctive relief, because that's the language that you used. Correct. I think that's referring to the appellants. Right. So what's your point? Well, my point is that you asked me for a decision in the Ninth Circuit that was close to requiring the injunctive relief to be the core issue on the appeal. And I think in the EEOC case, the court did not find the proper level of injunctive relief, and it sort of ridiculed what was being attempted to be latched on to by the appellants as, quote, secondary injunctive relief. But in that case, Pan Am was the appellant, and there it was talking about injunctive relief to the appellee. You're right, but there was the court acknowledged that that the injunction at issue, the, quote, injunction, the appellee had asked for, but the appellants had asked for other relief. Well, that's what I'm getting to. Where is that called secondary relief in the decision? You know, with respect, when the court, the Ninth Circuit uses the phrase secondary injunctive relief, it's referring to the relief sought by the appellant. There's a previous section that talks about... Oh, no, that's not true. On page 317, it says secondary injunctive relief made necessarily only by the relief granted to the EEOC. That was the injunctive relief granted to the appellee, not the appellant, because the EEOC was the appellee in that case, right? Well, no, it says, we note, however, that the amendments to the collective bargaining agreement sought by Pam Ann are a kind of secondary injunctive relief. Oh, I see what you're saying. At that point, it's talking about the appellant in terms of secondary injunctive relief. Okay. But, I mean, if you look at the various circuits, you have the Grant case, the Durrett, FDIC v. Gilderman, U.S. v. State of Colorado. I mean, the Grant case says it very succinctly. It says the injunctive relief, quote, tangential to the central issues in the case, close quote, is not sufficient to invoke section 1292A1. And I think that's what we have here. So what is the injunctive relief here exactly? It's interesting, you know, because the appellants argue there's two types. One, they claim is the bar order. And the second, on page 16 of their brief, is they say the cooperation clause is even sufficient to justify 1292 jurisdiction. And I think that's even what shows you're talking about an agreement in a settlement agreement where parties agree to cooperate, provide testimony, meet with the plaintiff's counsel. They argue that's enough for section 1292 relief. And I think if you look at the various cases in the circuits, they want more than that. They want it to be the core issues in the case because you're talking about providing an interlocutory appeal. And if you let something, for example, a bar order or a cooperation agreement, this would be a court approval of their agreement to cooperate. The settlement agreement would provide that the settling defendants would have to meet with the plaintiffs and help them prepare their case against Northern Trust. So what is being sought is court approval of something they have agreed to do. Correct. And so you could argue that that's not an injunction at all. I would absolutely argue that. They are not being compelled to do something they otherwise wouldn't do. The appellants, in this case, argue that it is sufficient. I understand that they argue that. But your position on that, if I understand it correctly, is that's not an injunction at all. Well, it's not the type of injunction that section 1292, you know, is meant to apply to. That doesn't sound like an injunction at all. I agree with you. I agree with you. I mean, and what is the other? The bar order. The bar order. Which would do what? Let me explain it to you in English. The bar order would preclude Northern Trust and my client. I'm dealing with bars, right? Right. No, the bar order would preclude Northern Trust from being able to assert. Your client. I'm sorry? Northern Trust is your client. Northern Trust is my client. So this is something that would go against your client. Correct. Keep going. It would preclude my client, Northern Trust, from being able to assert any claims against any of the settling parties. And why is that an injunction? I don't know if it is. I mean, that sounds like a form of racial equality to me. What's that? Sounds like a form of racial equality. I think you're very right. I think that they're grasping for straws. They want it in the immediate future. Is that something for which your client could be held in contempt for? No, I don't know whether a court would hold us in contempt for that. I think that's an issue for another day, frankly. That's very thin as an injunction. I think that's our point. Our point here is that Section 1292 is meant to be applied in very, very limited circumstances. And what the appellants are grasping onto here are two items that are very, very thin at best. Nor do they meet the other items in Carson. The other two items, irreparable harm, all we're talking about is that they may spend a little more money in litigating the case. That's not irreparable harm under the law. In Carson, you had ongoing racial discrimination. Counsel, let me ask you about the bar order. The court retained jurisdiction to resolve any disputes or challenges arising from a performance of the agreement. So wouldn't that include the power to impose contempt sanctions if that bar order was not followed? That very well could be the case. Terry, why do you have standing in this appeal? Right. My client Northern Trust has standing. You are out for Munda right now. I'm sorry? You are out for Munda. Well, we are. You are correct. We prevail on summary judgment. The plaintiffs have promised to appeal. The district court denied them an interlocutory appeal under Rule 56F, I think, or whatever the rule is. So we have to wait until the case is over before that appeal will come up. You mean deny the Rule 54B severance? Yeah. Denied the right. Your final judgment, but you can't. The district court wouldn't cut you loose to appeal. Correct. Wouldn't cut them loose to appeal. Right. And so in the interim, you know, obviously the settlement agreement is, you know, potentially putting us at full risk for a $280 million judgment. So we have a significant interest in making sure that the entire case is not shifted over to us.  Well, I want to ask you a question. If we were to deny jurisdiction, what's your version of what happens next? What would happen next is we would go back to the district court. The settling parties would have every opportunity to try to work something out. The court did give them a roadmap. There are summary judgment motions that would be pending on their behalf. They could try to resolve the issues. And just to be clear, the court, the district court did not deny the settlement just because of money. It was, there was a lack of money vis-a-vis the justifications that the settling parties provided on why there should be such a huge discount. So I guess I'm just talking procedures. Sure. So it goes back. They have an opportunity to settle, present in court. The court then enters a final order either approving or disapproving the settlement. Is that correct? The court, if they presented a revised settlement agreement, the court would theoretically take that up and either agree to grant or deny that at that point. And eventually down the road, if their summary judgments were not granted, they would then go to trial. There's not a whole lot left to do in the case besides resolve the summary judgments, maybe try to revise the settlement agreement based on the roadmap that was provided. So as a practical matter, there won't be a review of this, right? As a practical matter, unless the parties take advantage of the roadmap that was given to them, the district court will not automatically re-review what it already denied. On appeal. There won't be an opportunity to, for this matter to be reviewed on appeal because it will go to trial. And then the trial will be, if there's an appeal, it will be of the result. Not at all. I mean, you could theoretically go to trial and no matter how the trial turns out, this issue could still come back up on appeal. Of course, they'd still have the high burden of showing that the district court abused its discretion, which is very broad in reviewing class action settlements. As a practical matter, the third cause and factor cuts heavily against you. I'm sorry? As a practical matter, the third cause and factor, which is will this as a practical matter be capable of review, that third factor cuts against you. Absolutely not, Your Honor. Effectively challenged by immediate appeal. You know, I see no reason why post-trial the court could not review the merits of the settlement at that time. Remember here. I mean, they say because there won't be any insurance money left. The settling. They're going to spend all the money on litigating. Let's be clear. The settlement agreement has a hold back of $500,000 for continued costs. I submit to you that these parties can conduct a bench trial for less than $500,000. So there's plenty of money for them to continue, resolve the summary judgments that are already filed, and go to trial. If they can't do it for less than $500,000, I submit there's issues here. Thank you, Your Honor. I believe Your Honor's time. I am, Your Honor. I wonder. Give me a minute for a bottle. I appreciate that very much. If we don't, if the settlement is a practical matter, over. I've never heard of the idea that once you have a trial result, that a settlement which has previously exploded could somehow nevertheless be enforced. There was no road map given by the district court. The first time, in November at the first hearing, he said, fix the bar order. Fix the cooperation clause. We did all that. And he then came back with a new set of problems. And so there's nothing we can really do as a practical matter to fix this problem. I'd like to turn to Judge Rawlinson's inquiry and the comment that was made in response to it about whether or not there has to be a court issue requirement with respect to the injunction. This Court's decision in Smith demonstrates quite the contrary. There is no such requirement. The bar order, and the bar order, keep in mind, is expressly injunctive. If you look at ER 610, which is the settlement agreement, it specifically provides that the bar order shall constitute an injunction against anyone who receives class notice of the settlement precluding litigation. That was in. What does that mean? It means, Your Honor, that what the bar order does is by cutting off the right of contribution and implied indemnity that Northern Trust would otherwise have, it prevents them from bringing any sort of action on those claims. It's a standard sort of a settlement provision to protect against. I mean, you can call it an injunction. But to me, it sounds more like you're actually calling it like the facts of an order. I mean, why? Well, because. In what sense is this an injunction? Your Honor, it's not. You know, you load it up with terms like that to make it appealable. But. But, Your Honor, I respectfully disagree with you about it being a res judicata because what we're talking about here are contribution and implied indemnity claims. Those claims don't have to be brought in a case until the case is over. So it's not a res judicata to go to judgment in a case. Why don't you just phrase the same thing as saying they shall be barred from raising indemnity claims? And the way. Completely leave the word injunction out of that. Because this thing is typically. Those sort of provisions are typically enforced by way of injunction. And that's specifically the court. It retains jurisdiction for that purpose. And, of course, this Court in the Smith case says that a bar order is a classic type of injunction and predicates its jurisdiction in that case on the fact that a bar order was included in a settlement. But it all happens during the course of this litigation. In what sense does it retain jurisdiction? In this litigation. 20 years from now, you'll pull it out and say, oh, you know, we want the court's jurisdiction, continuing supervision. What it is, you're right, it would only be pulled out if Northern Trust brought a claim. It is enjoined from bringing a claim. So you have the power of the court telling them you shan't do that. But if one is filed, and, of course, they threaten to file one in the future, in the Seventh Circuit, if one is filed, then it's enforceable by way of contempt with respect to the preexisting injunction that the court issues as part of the settlement of the case. You mean they could file it in a different court? They threatened, Your Honor, that they would actually institute a contribution claim in a different forum in hopes that that would the law would be more favorable than the law in this jurisdiction, which disapproves contribution and implied indemnity causes of action in ERISA cases. Let me just finally conclude with this issue about the money. The judges, one of the judges, he said these are intertwined problems, these five different problems with this injunction. He called the bar order a critical component of it. He said that he plainly did not conduct an analysis of what is a fair contribution from the defendants. He said he's proceeding only on the basis of the pleadings with respect to that assessment. And he said, my problem is that there's insufficient. He didn't bring me a global settlement. And so that, as much as anything else, is not just a comment on what contribution my client should make, but what sort of total contribution should be made in the case, and it's not something we can fix. And if we can't fix it now, this opportunity will pass. And unless the Court has any questions, I thank you. Case resolved. We'll stand for a minute as we adjourn.
judges: Kozinski, Fletcher, Rawlinson